UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 20-158-MWF-JCx | **Date:  June 10, 2020** |
| **Title:**    William Berry v. Jafar Rashid, et al. | |

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [28]; DEFENDANTS' MOTION TO SET ASIDE DEFAULT [34]

Before the Court are two matters:

First, there is Plaintiff William Berry's Application for Default Judgment by Court Against Defendants Jafar Rashid and Reetu Rashid (the "Application"), filed on April 3, 2020.  (Docket No. 28).  On April 21, 2020, Defendants filed an Opposition.  (Docket No. 29).  On May 4, 2020, Plaintiff filed a Reply.  (Docket No. 33).

Second, there is Defendants' Motion to Set Aside Default (the "Motion"), filed on May 4, 2020.  (Docket No. 34).  On May 18, 2020, Plaintiff filed an Opposition.  (Docket No. 35).  On May 19, 2020, Defendants filed a Reply.  (Docket No. 36).

The Application was noticed to be heard on May 4, 2020, and the Motion was noticed to be heard on June 8, 2020.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.  Vacating the hearings were further required by the COOP arising from the COVID-19 emergency.

For the reasons set forth below, the Motion is **GRANTED** and the Application is **DENIED** *as moot*.  The Court will set aside the Clerk's entry of default.  Fed. R. Civ. P. 55(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-158-MWF-JCx**                                    **Date:  June 10, 2020**
**Title:     William Berry v. Jafar Rashid, et al.**

## I.     BACKGROUND

On January 6, 2020, Plaintiff commenced this action against Defendants.  (*See* Complaint (Docket No. 1)).  Plaintiff alleges that Defendants owned the property located at 2138 W. Century Blvd., Los Angeles, CA 90047 (the "Property") at all relevant times.  (*Id.* ¶ 2).  On the property is a "Chevron Gas Station" restaurant.  (*Id.* ¶ 3).

Plaintiff alleges that he visited the Property on 4 separate occasions in February, June, and July 2019 to patronize the business on the Property.  (*Id.* ¶ 12).  Plaintiff alleges that he encountered various barriers in each of his visits.  (*Id.* ¶ 14). Specifically, Plaintiff alleges that the parking spaces designated for disabled persons did not comply with the Americans with Disabilities Act ("ADA") and the California Building Codes ("2010 CBC Code") for a long list of reasons, including the following: (1) various required signs are missing and/or not centered; (2) the paint on the accessible space lines is so worn and aged that it was unclear where the actual parking space is; (3) the reserved parking space reserved for disabled persons is not located to minimize the travel distance; (4) the parking space designated for disabled persons is less than 9 feet wide and less than 18 feet long; (5) the ground surface of the reserved parking space is uneven; (6) the adjacent access aisle is less than 18 feet long and less than 5 feet wide; (7) the adjacent loading/unloading access aisle is missing; and (8) there is no marked path of travel or directional signage from the designated accessible parking space to the entrance.  (*Id.* ¶ 21).  Plaintiff alleges that these conditions denied Plaintiff full and equal access and caused difficulty, humiliation, and frustration.  (*Id.* ¶ 23).

Based on the above allegations, Plaintiff asserts two claims for relief: (1) violation of the ADA, 42 U.S.C. §§ 12101, *et seq.*; and (2) violation of the Unruh Act, Cal. Civ. Code §§ 51-53.  (*Id.* ¶¶ 32-58).

On March 30, 2020, this Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  (Docket No. 27).  Accordingly, only Plaintiff's ADA claim remains.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-158-MWF-JCx                           Date:  June 10, 2020
Title:     William Berry v. Jafar Rashid, et al.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause."  "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)."  *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).

The Ninth Circuit has directed district courts to consider three factors when evaluating whether good cause exists for setting aside a default: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."  *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010); *see also Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  Because the factors are disjunctive, the Court may deny the motion "if any of the three factors [is] true."  *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (quoting *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)).

Defendant bears the burden of proving that the default judgment should be set aside.  *Franchise Holding*, 375 F.3d at 926.  But because the "case should, whenever possible, be decided on the merits," *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002), "any doubts to as to whether a party is in default should be decided in favor of the defaulting party."  *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995).

## III.  DISCUSSION

The Court concludes that Defendants have demonstrated good cause to set aside the entry of default under Rule 55(c) for three reasons.

*First*, the Court concludes that Defendants did not engage in culpable conduct leading to the default.  Defendants assert that their counsel emailed Plaintiff's counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-158-MWF-JCx | **Date:** June 10, 2020 |
| **Title:** William Berry v. Jafar Rashid, et al. | |

multiple times requesting a pleading extension, but Plaintiff's counsel did not respond to the email. (Motion at 1; Declaration of Amy Ghosh ("Ghosh Decl.") ¶¶ 2, 3, 6, 7 (Docket No. 34-2)). In the meantime, Defendants assert that Plaintiffs mailed a "DEFAULT JUDGMENT WARNING" directly to Defendants and not to their counsel. (Motion at 1-2; Ghosh Decl. ¶ 5).

The parties dispute several facts, including whether Plaintiffs' counsel and Defendants' counsel spoke on the phone on January 17, 2020, and whether Plaintiffs' counsel gave Defendants' counsel a three-week extension to respond to the Complaint during that conversation. (*See* Motion at 3; Opposition at 2).

Without resolving all the factual disputes, the Court determines that Defendants did not act willfully when they failed to timely file an answer. The record demonstrates that Defendants' counsel repeatedly sought an extension to file an answer, suggesting that they intended to file an answer. Indeed, the Court notes that Defendants' counsel attempted to file an answer on February 24, 2020, even though it was stricken in part because the defendants were already placed in default by that point. (*See* Docket No. 23). While Defendants could have acted more diligently, based on this record, the Court concludes that Defendants did not act intentionally or in bad faith when they failed to timely file an answer. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (culpable conduct means "intentional" failure to answer, *i.e.*, "willful, deliberate, or bad faith") (citation omitted) (overruled on other grounds).

*Second*, the Court determines that Defendant has established that it has a meritorious defense to the claims, using the technical definition of "meritorious" that applies here. A defense is considered meritorious if "there is ***some possibility*** that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (emphasis added). A defendant need only ***assert*** "a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is revolved at a later state." *Audio Toys, Inc. v. Smart AV Pty Ltd.*, No. CV 06-6298-SBA, 2007 WL 1655793, at *3 (N.D. Cal. June 7, 2007) (finding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-158-MWF-JCx                          **Date:**  June 10, 2020
**Title:**      William Berry v. Jafar Rashid, et al.

moving party's asserted defenses of lack of personal jurisdiction and insufficient service of process sufficient and vacating default judgment).

In the Motion, Defendants assert that they will demonstrate that the various alleged violations are either legally or factually incorrect. (Motion at 5). For example, Defendants assert that the ADA Accessibility Guidelines ("ADAAG") require that the accessible parking space be located on the shortest *accessible* route, not the shortest *possible* route. (*Id.*) (citing ADAAG 4.6.2). Defendants assert that their designated space meets this requirement because the only other spaces would require the disabled patrons to cross traffic. (*Id.* at 6). Moreover, Defendants assert that the paint lines were adequately visible on the dates Plaintiff allegedly visited and that the path of travel fully complies with ADAAG guidelines. (*Id.*). Finally, Defendants assert that Plaintiff does not even appear to be wheelchair bound and may not have standing to pursue the bulk of the violations that he purportedly encountered. (*Id.*).

In opposition, Plaintiff conclusorily responds that "the ADA violations . . . are open and obvious and there is no possible defense." (Opp. at 7).

The Court disagrees with Plaintiff. Based on this record, it is not "obvious" that Plaintiff has standing to pursue each of the alleged violations or that each of the alleged violations existed at the time of Plaintiff's visits. Indeed, the various factual disputes raise a serious question regarding the proprietary of a default judgment. *See Quach v. Cross*, No. CV 03-09627 GAF, 2004 WL 2862285, at *5 (C.D. Cal. Dec. 3, 2004) ("A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis.") (quoting *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994)).

***Third***, Plaintiff will not suffer prejudice if the default and the default judgment are set aside. This factor is determined by whether the plaintiff's "ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. Prejudice such as loss of a "quick victory" is insufficient to justify denial of relief. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). "Having to try a case on the merits is not by itself

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-158-MWF-JCx | **Date:** June 10, 2020 |
| **Title:** William Berry v. Jafar Rashid, et al. | |

sufficient prejudice" – the delay must result in tangible harm, such as loss of evidence or more difficult discovery. *Audio Toys*, 2007 WL 1655793, at *3. Plaintiff asserts that he has suffered prejudice because he continues to be deterred from returning to the Store because of his knowledge of the existence of architectural barriers. (Opposition at 7). However, Plaintiff does not explain how such a "prejudice" affects Plaintiff's ability to pursue his claim. In fact, Plaintiff's assertion boils down to a loss of a "quick victory." Therefore, the Court determines that there is no prejudice apparent here from setting aside the default.

### IV.   CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. The entry of default against Reetu Rashid (Docket No. 19) and the entry of default against Jafar Rashid (Docket No. 23) are set aside. Because the Court is setting aside the entry of default, Plaintiff's Application is **DENIED** *as moot*.

Defendant must file a response to the Complaint on or before **June 29, 2020**.

IT IS SO ORDERED.